**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

**CIVIL ACTION NO. 06-19-JBC**

**BENNIE J. DRAKE,**                                                                               **PLAINTIFF,**

**V.**                                            **ORDER**

**JO ANNE BARNHART, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**                                    **DEFENDANT.**

* * * * * * * * * *

The plaintiff, Bennie Drake, brought this action pursuant to 42 U.S.C.

§ 405(g) to obtain judicial review of an administrative decision denying his

application for disability benefits.  On cross-motions for summary judgment (DE 7,

DE 8), the court referred this matter to United States Magistrate Judge James B.

Todd, who issued his Proposed Findings of Fact and Recommendation (DE 10) on

September 22, 2006, recommending that the plaintiff's motion for summary

judgment be denied and the Commissioner's motion for summary judgment be

granted.  The plaintiff filed objections to the Magistrate Judge's recommendation

(DE 11) on October 3, 2006.  The court, having reviewed the record *de novo* in

light of the plaintiff's objections, will adopt the Magistrate Judge's recommendation

(DE 10), grant the Commissioner's motion for summary judgment (DE 8), and deny

the plaintiff's motion for summary judgment (DE 7).

I.      **Factual Background**

The plaintiff has alleged that he became disabled on September 15, 1999,

due to diabetes, high cholesterol, and problems with his left shoulder, arm, and

wrist.  The plaintiff has a GED and work experience as a farmer, heavy equipment operator, and truck driver.  The plaintiff's initial Disability Insurance Benefits application ("DIB") was denied, resulting in a hearing before the Administrative Law Judge ("ALJ") on February 25, 2005.  On June 21, 2005, the ALJ found that the plaintiff was not disabled and was not entitled to disability benefits.  The Appeals Council denied the plaintiff's request for review of the ALJ's decision on November 9, 2005, and the plaintiff sought judicial review in the present action.

II.    **Standard of Review**:

Judicial review of the ALJ's decision is limited to determining whether the ALJ employed the proper legal standards.  *Cutlip v. Sec'y of Health and Human Serv.*, 25 F.3d 284, 286 (6th Cir. 1994).  The court must affirm the ALJ's conclusions unless it determines that the ALJ "failed to apply the correct legal standards" or "made findings of fact unsupported by substantial evidence in the record."  *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).  "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Cutlip*, 25 F.3d at 286.  The court "does not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility."  *Id.*  Rather, if substantial evidence supports the Commissioner's decision, this court will defer to that finding, "even if there is substantial evidence in the record that would have supported an opposite conclusion."  *Longworth*, 402

2

F.3d at 595 (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)).

The ALJ, in determining disability, conducts a five-step analysis.  At Step 1 the ALJ considers whether the claimant is working and engaged in substantial gainful activity; at Step 2 the ALJ determines if one or more of the claimant's impairments are "severe"; at Step 3, the ALJ determines whether the claimant's impairments, singly or in combination, meet or equal a listed impairment; at Step 4, the ALJ determines whether the claimant can perform his past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines whether significant numbers of other jobs exist in the national economy that the claimant can perform.  *See Preslar v. Sec'y of Health & Human Serv.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

III.    **The Plaintiff's Objections:**

The plaintiff claims that the ALJ failed to properly consider his work history and failed to consider some of his relevant medical records.  He also claims that the ALJ failed to ask the Vocational Expert ("VE") certain necessary questions and improperly rejected the opinions of his physicians.

A.    **The Plaintiff's Work and Medical History**

The plaintiff claims that the ALJ and the Magistrate Judge failed to properly consider his long and productive history of heavy manual work which, in combination with his advanced age, entitled him to special consideration and a

3

finding that he "had essentially worked himself out of any applicable work."
(DE 11 at 2.)  More specifically, the plaintiff claims that the ALJ failed to allow the
appropriate development of the record necessary to support his claim to the "worn-
out worker exception" set forth in 20 C.F.R. § 404.1562.  The plaintiff argues that
because of the ALJ's actions and inaction, the record contains "'evidentiary gaps
which result[ed] in prejudice to the claimant[,]'" and the plaintiff concludes that
"remand is appropriate" to resolve these gaps.  *Mandziej v. Chater*, 944 F. Supp.
121, 130 (D.N.H. 1996) (quoting *Gauthney v. Shalala*, 890 F. Supp. 401, 410
(E.D. Pa. 1995)).  The plaintiff also claims that the ALJ failed to consider his
documented heart condition.

    With respect to the plaintiff's work history, the ALJ asked the plaintiff about
his shoulder, arm, and wrist problems and attempted to connect each problem with
the plaintiff's employment history.  He also asked the plaintiff about several
undocumented conditions: at one point during the hearing, the ALJ even noted that
the plaintiff also appeared to have a hearing problem and asked if that was also
"related to [the plaintiff's] past work with the Department of Transportation around
heavy equipment and the noise and that kind of stuff?"  (Tr. 18.)  It is clear that
the ALJ adequately developed the record on the plaintiff's employment history, and
the plaintiff has not identified any specific evidentiary gaps in the record, material
or otherwise.  Accordingly, remand to address this issue is inappropriate.

    With respect to the plaintiff's heart condition, the Magistrate Judge observed

that although the ALJ failed to address the plaintiff's alleged cardiac problems, the medical evidence revealed that he was taking no medication for his condition and that it did not interfere with the plaintiff's work.  (DE 10 at 7.)  Because the plaintiff has presented no evidence that his alleged heart condition severely impairs his ability to work, he has not shown that the ALJ erred in failing to specifically address this non-severe condition, and remand to address this issue is inappropriate.

> **B.    The ALJ's Questions to the Vocational Expert**

The plaintiff also claims that the ALJ failed to ask the VE whether the alternative jobs identified by the VE were consistent with the plaintiff's residual functional capacity ("RFC") and the job descriptions set forth in the Dictionary of Occupational titles ("DOT").  More specifically, the plaintiff argues that he cannot work as a hand packer, contrary to the testimony of the VE, because, according to the DOT, this job requires constant reaching and manipulation with both hands. The plaintiff concludes that the ALJ's failure to inquire into the consistency of the VE's testimony with the DOT and the plaintiff's RFC violated Social Security Ruling 00-4p, which requires ALJs to "identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs" and the DOT.

Evidence from a VE "regarding jobs that a claimant can perform" should be consistent with "the DOT's description of what is required to perform the jobs identified . . . ."  *Teverbaugh v. Comm'r of Soc. Sec.,* 258 F. Supp. 2d 702, 705

(E.D. Mich 2003).  Here, contrary to the plaintiff's assertions, the ALJ *did* ask the VE if the alternative jobs she had discussed were "consistent with the DOT . . . ." (Tr. at 26.)  The VE also discussed additional alternative jobs during the hearing besides hand packing, the only job identified in the plaintiff's objections. Accordingly, the plaintiff has failed to show that the ALJ committed any error, and remand to address this issue is inappropriate.

### C.    The ALJ's Assessment of the Medical Opinions

The plaintiff also claims that the ALJ erred in relying on the opinion of a consulting physician rather than the opinion of the plaintiff's own treating physicians.  Ordinarily, a treating physician's opinion is entitled to "substantial deference" so long as it is supported by objective medical evidence, but the ALJ is not necessarily bound by that opinion.  *Jones v. Comm'r of Social Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).  Provided that the ALJ "sets forth a reasoned basis for her rejection[,]" *Jones*, 336 F.3d at 477, the ALJ may reject the treating physician's opinion if it is inconsistent with other evidence in the record.  *Warner*, 375 F.3d at 390-91. In this case, although the ALJ recognized that the plaintiff had severe and medically determinable impairments in his left shoulder, arm, and wrist, he rejected the opinion that the plaintiff was disabled.  Instead, after a thorough review of the evidence in the record, the ALJ found that the claimant had the residual functional capacity to perform a significant range of light and medium work.  This finding is supported by substantial evidence in the record, and the court

6

will not disturb it.  Accordingly,

      **IT IS ORDERED** that the Magistrate Judge's Proposed Findings of Fact and

Recommendation (DE 10) is **ADOPTED** as the opinion of this court.

      **IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment

(DE 7) is **DENIED**.

      **IT IS FURTHER ORDERED** that the Commissioner's motion for summary

judgment (DE 8) is **GRANTED**.

      Signed on November 21, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY